UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TANISHA SCOTT,<br><br>   *Plaintiff*,<br><br>v.<br><br>WAL-MART STORES TEXAS, LLC and UNKNOWN STORE MANAGER OF WAL-MART SUPERCENTER NUMBER 2421,<br><br>   *Defendants*. | § § § § § § § § § § § § § Civil Action No. 3:24-CV-0435-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Tanisha Scott's motion to remand. (Doc. 9). Having carefully considered the parties' arguments, the underlying facts, and the applicable law, the Court **DENIES** the motion. (Doc. 9).

**I. Background**

On a routine Wal-Mart visit, Tanisha Scott slipped and fell. As she attempted to navigate the crowded store, she rounded a display case so she could get in line. But as she rounded that bend, she slipped on a puddle of water, crashing to the floor.

She filed suit in Texas state court against Wal-Mart, Inc. and Wal-Mart Stores Texas, LLC. She later amended the suit to include an Unknown Store Manager of Wal-Mart Supercenter number 2421 (the "manager") as a defendant. Wal-Mart Stores Texas, LLC then removed the case to this Court, alleging that it was the only properly named defendant and that Scott fraudulently joined the manager. Currently, Scott, Wal-Mart Stores, LLC, and the manager are parties to this action.

1

Scott is a citizen of Texas, Wal-Mart Stores Texas, LLC is a citizen of Arkansas and Delaware, and the manager is a citizen of Texas. Given that Scott and the manager are both citizens of Texas, Scott now seeks to return to state court, so she filed the instant motion to remand.

## II. Legal Standard

### A. Remand

28 U.S.C. § 1447(c) governs motions to remand.[1] It requires that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[2] For a federal court to have jurisdiction on a state action based on diversity, there must be complete diversity—each plaintiff's citizenship must be diverse from each defendant's citizenship—and the amount in controversy must exceed $75,000.[3] Diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.[4]

### B. Improper Joinder

Improper joinder represents an exception to the complete diversity rule.[5] This doctrine prevents plaintiffs from defeating federal removal by improperly joining a nondiverse defendant.[6] A defendant may show improper joinder in one of two ways.[7]

---

[1] 28 U.S.C. § 1447(c).

[2] *Id.*

[3] 28 U.S.C. § 1332(a)(1).

[4] *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974).

[5] *Smallwood v. Ill. Cent. R. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[6] *Id.*

[7] *Id.*

They could show actual fraud in the pleading of jurisdictional facts, or they can show the plaintiff's inability to establish a cause of action against the non-diverse party in state court.[8]

Wal-Mart does not argue actual fraud, so only the second prong is at issue here. Under this prong, the defendant must show "the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [a non-diverse] defendant."[9] But a mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder.[10]

### III. Analysis

The Defendants removed this case to federal court on the basis of diversity jurisdiction. Scott argues that the manager is a proper party to this suit, and therefore, there is not complete diversity given that Scott and the manager are both Texas citizens. Wal-Mart disagrees, arguing that Scott cannot establish a claim against the manager. Wal-Mart thus asserts the Court has jurisdiction over this case.

Texas law governs Scott's ability to establish a claim against the manager.[11] Under Texas law, a plaintiff cannot sue an employee unless they establish a duty the employee owed to the plaintiff independent of the employer's duty.[12] The Texas Supreme Court has found that the "duty to provide a safe workplace was a

---

[8] *Id.*

[9] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

[10] *Id.*

[11] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).

[12] *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

3

nondelegable duty imposed on, and belonging solely to," the employer.[13] Thus, the manager owed no independent duty to Scott to provide a safe environment. Scott therefore cannot demonstrate any possibility of recovery against the manager.

Trying to defeat this, Scott points the Court to *Guzman v. Cordero*, asserting that it demonstrates that she can maintain a claim against the manager. Scott misreads *Guzman*'s holding.

*Guzman*'s holding relied upon the defendant's direct involvement in the alleged negligence to find that the plaintiff could establish a liability claim against the defendant.[14] The *Guzman* court recognized that generally in cases involving liability of employee store managers for providing safety conditions in their stores, "courts [find] that the store managers [cannot] be held liable."[15] The exception is when the employee was directly and personally involved in the conduct that allegedly caused the plaintiff's injuries.[16]

Here, Scott alleges that the manager asked her if she was hurt and took the incident report.[17] So Scott's only allegations against the manger are about events after the alleged tort. Therefore, Scott does not allege that the manager had direct involvement in the conduct that allegedly caused Scott's injuries. And the manager

---

[13] *Id.* at 118.

[14] *Guzman v. Cordero*, 481 F. Supp. 2d 787, 791 (W.D. Tex. 2007).

[15] *Id.* at 790–91.

[16] *See id.*

[17] Doc. 1-10 at 4.

4

did not owe an independent duty of reasonable care to Scott under Texas law apart from Wal-Mart's duty.

Because Scott cannot demonstrate a possibility of recovery against the manager, the Court concludes that the manager has been improperly joined. With the manager no longer in the equation, complete diversity exists between the remaining parties. Consequently, the Court finds remand improper.

### IV. Conclusion

Accordingly, the Court **DENIES** the Scott's motion to remand (Doc. 9) and **DISMISSES WITH PREJUDICE** Defendant Unknown Store Manager of Wal-Mart Supercenter Number 2427 as a party to this action. Scott's claims will proceed against Wal-Mart Stores Texas, LLC only.

**IT IS SO ORDERED** this 8th day of August, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE